IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SHEDRICK Q. FRENCH                                              PLAINTIFF

V.                                                              CIVIL ACTION NO.
                                                                2:07-CV-224-P-A

THE KROGER COMPANY                                              DEFENDANT

## REPORT AND RECOMMENDATION

This case is before the court *sua sponte*. On February 26, 2009 the Clerk of Court mailed the plaintiff, Shedrick Q. French, a notice indicating that the defendant, the Kroger Company, was in default and that French should file a motion for entry of default. Docket #9. French has made no such request, nor has he contacted the court regarding this issue.

On December 17, 2009, the undersigned issued an Order requiring French to show cause no later than January 4, 2010 why the case should not be dismissed for failure to prosecute. Docket #10. As of this date French has not filed any statement with the court or otherwise complied with the order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . ." Given the stagnant nature of this case, plaintiff's failure to show cause as to why this case should not be dismissed, and failure to contact the court the court recommends that this case should be dismissed without prejudice pursuant to Rule 41(b).

The parties are referred to 28 U.S.C. §636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the

1

appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted,

This the 2nd day of March, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE